UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------------X
MOHAMMED BELLO,

        Plaintiff,

v.

HOME DEPOT U.S.A., INC.,

        Defendant.
------------------------------------------------------------X

**MEMORANDUM AND ORDER**
18-CV-3171 (WFK)

**WILLIAM F. KUNTZ, II, United States District Judge:**

    Plaintiff Mohammed Bello filed the instant *pro se* action on May 29, 2018, asserting a claim for employment discrimination based on Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e, *et seq.* ("Title VII"), 42 U.S.C. § 1981, and New York state and city human rights laws. Compl., ECF No. 1. Plaintiff's submission includes an application to proceed *in forma pauperis* ("IFP") pursuant to 28 U.S.C. § 1915(a). For the reasons discussed below, Plaintiff is granted fourteen (14) days leave from the entry of this Order to file a Long Form application to proceed without prepayment of fees or to pay the $400 filing fee.

## DISCUSSION

    The purpose of the statute permitting litigants to proceed IFP is to ensure that indigent persons have equal access to the judicial system. *Davis v. NYC Dept. of Educ.*, 10-CV-3812, 2010 WL 3419671, at *1 (E.D.N.Y. Aug. 27, 2010) (Matsumoto, J.) (citations omitted). Section 1915 of Title 28 of the United States Code authorizes a court to dismiss a case brought by a plaintiff requesting to proceed IFP if the "allegation of poverty is untrue." 28 U.S.C. § 1915(e)(2)(A). Courts have found that the "purpose of this provision is to 'weed out the litigants who falsely understate their net worth in order to obtain [IFP] status when they are not entitled to that status based on their true net worth.'" *Hobbs v. County of Westchester*, 00-CV-8170, 2002 WL 868269, at *2 (S.D.N.Y. May 3, 2002) (Martin, J.) (quoting *Attwood v. Singletary*, 105 F.3d

610, 613 (11th Cir. 1997). The question of whether a plaintiff qualifies for IFP status is within the discretion of the district court. *Pinede v. NYC Dept. of Envtl. Prot.*, 12-CV-6344, 2013 WL 1410380, at *2 (E.D.N.Y. Apr. 8, 2013) (Amon, J.); *DiGianni v. Pearson Educ.*, 10-CV-206, 2010 WL 1741373, at *1 (E.D.N.Y. Apr. 30, 2010) (Dearie, J.) (citations omitted).

The financial declaration form that Plaintiff has submitted ("Decl.") does not satisfy the Court that he is unable to pay the Court's filing fee to commence this action. Plaintiff's complaint indicates that on or about November 8, 2017, he received $6000.00 in cash from multiple tenants. Compl. at 6. However, when directed by the IFP application to indicate whether he owns real estate or anything of value, Plaintiff indicates that he does not own real estate or anything of value. Decl. at 2, ECF No. 2. Accordingly, due to the aforementioned inconsistency, the declaration is deemed incomplete, and Plaintiff will be given an opportunity to clarify any sources of income and submit additional financial information.

## CONCLUSION

Plaintiff is hereby granted fourteen (14) days leave from the entry of this Order to file a Long Form application to proceed without prepayment of fees or to pay the $400 filing fee in order to proceed further with this action. The Clerk of Court shall send a Long Form IFP application to Plaintiff along with this Order. The Court certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal would not be taken in good faith and therefore *in forma pauperis* status is denied for the purpose of any appeal. *Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

SO ORDERED.

s/WFK
HONORABLE WILLIAM F. KUNTZ, II
United States District Judge

Dated: Brooklyn, New York
June 6, 2018